OPINION of the Court, by
Ch. J. Boyxe.
On the 29tli of August, 1758, William Calmes executed his bond, conditioned to make to Peter Catlet “ a goal and sufficient deed” for a tract of land in Virginia, the possession of which was immediately given to Catlet. William Calmes, without havingmadea deed for the land, departed this life, leavingMarquis Calmes his heiratlaw; and Catlet, some time thereafter, still being possessed of the land, died, having previously made his last will, by which he devised the land to Peter C. Buck, with whom, and those claiming under him, the possession has ever since remained. In this state of things Peter C. Buck filed his bill in cbanccry in 1804, against Marquis Cal-mes, to compel him to execute a deed of conveyance.
The grounds relied upon by Calmes in his answer, in opposition to the relief sought by the bill, are, 1st, the great lapse of time which has intervened since tiie execution of the bond by his ancestor ; 2dly, that the bond Was voluntary and without consideration ; and Silly, that jnly a life estate was intended or understood by the parties to the land to be conveyed.
The court below decreed a conveyance in fee simple, from which Calmes has appealed to this court.
1st. With respect to the lapse of time, it certainly furnishes no objection to the relief sought for by the bill in this case. Length of time, when coupled with, possession, may strengthen, but cannot weaken a title; and as far as we are aware, there is no example of a court of equity refusing, on the ground of the lapse of time, its aid to one who has been in continual possession.
*454 2d. As to the ground assumed in defence, that th* bond was a voluntary one, it is sufficient to remark, that there is no proof of the fact; and without proof to the contrary, the law, from the solemnity of the instrument, will presume a consideration, especially after possession has continued with those claiming under the bond for so great a length of time.
3d. The third ground of objection, though perhaps more specious, is certainly not more solid than either of the others. A contract to convey land, as in this case, by a good and sufficient deed, must, we apprehend, be construed to bind the contracting party to convey the whole estate he has in the land. To say that a conveyance of a part of his interest would be a fulfilment of such a contract, would seem not less repugnant to common sense than to assert that the contract might be fulfilled by a conveyance of a part of the land, it is true that the obligor in this case has not in terms bound himself to convey.to the obligee and his heirs; and it is the omission of the word heirs, which probably gave rise to the objection that only a life estate was intended to be conveyed. But most clearly the objection cannot be supported on this ground : for although as the law stood at the date of the bond, the word heir was necessary in a grant of land to create an estate of inheritance in the grantee, yet the rule was applicable to executed conveyances only, and not to executory contracts to convey.
Decree affirmed.